IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY JOHN ROJAS,

        Petitioner,

   v.

UNITED STATES OF AMERICA,
et al.,

        Respondents.

Case No. 3:15-cv-01419-SU

FINDINGS AND RECOMMENDATION

    Gregory John Rojas, #19608-111
    FCI-Sheridan
    P.O. Box 5000
    Sheridan, OR 97378

        Attorney for Petitioner

    Billy J. Williams
    United States Attorney
    Jared D. Hager, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 seeking to enjoin an allegedly ongoing investigation into possible criminal activity in his past. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## DISCUSSION

Petitioner is serving a 30-month sentence at FCI-Sheridan for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841. Petitioner's projected release date is currently September 1, 2016.

According to petitioner, Ms. Ayala, a Bureau of Prisons ("BOP") employee, and the Solano County Sheriff's Office are investigating whether petitioner was involved in criminal activity in 1996. Petitioner fears that this investigation might lead to formal criminal charges that preclude him from participating in the BOP's Residential Drug Abuse Treatment Program ("RDAP"). He asks the court to: (1) enjoin Ms. Ayala and the Solano County Sheriff's Office from investigating the "stale criminal charges"; and (2) order his immediate release from custody.

Respondents timely filed their Response to the Petition for Writ of Habeas Corpus on September 22, 2015. They contend that

habeas corpus relief is not appropriate where petitioner: (1) fails to challenge the fact or duration of his confinement; (2) has not suffered any injury such that he lacks standing to maintain the current challenge; and (3) has not exhausted his administrative remedies. *See* Declaration of Jennifer Vickers, p. 3 ("the petitioner has never utilized the Administrative Remedy Program."). Although petitioner's supporting memorandum was due on or before November 30, 2015, he has not filed such a document with the court, otherwise attempted to refute these arguments, or communicated with the court in any way since September 1, 2015.

The court has nevertheless reviewed the record in this case and determined that petitioner is not entitled to relief. Specifically, petitioner's claim that an investigation into his past might jeopardize his placement in RDAP in the future is simply too speculative to give him standing to raise such a challenge. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868-69 (9th Cir. 2002) (a petitioner must demonstrate a concrete and particularized injury, not a speculative one). In addition, it is clear from the record that petitioner has not exhausted his administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (it is well-settled that federal habeas petitioners must exhaust their administrative

3 - FINDINGS AND RECOMMENDATION

remedies). Accordingly, the Petition for Writ of Habeas Corpus should be denied.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied, and a judgment should be entered dismissing this case without prejudice.

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  20th  day of April, 2016.

                              _s/ Patricia Sullivan_____
                              Patricia Sullivan
                              United States Magistrate Judge